THOMAS A. JOHNSON, #119203
KRISTY M. HORTON, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 422-4022

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER FRANCO GUTIERREZ,<br>EDUARDO CARTAGENA, and<br>OLDAIM LOPES,<br><br>Defendants. | Case No.: 2:18-cr-00166-TLN<br><br>STIPULATION AND ORDER TO<br>CONTINUE STATUS CONFERENCE<br><br>Date:   July 16, 2020<br>Time:   9:30 a.m.<br>Judge:  Hon. Troy L. Nunley |

## **STIPULATION**

The United States of America through its undersigned counsel, Christina McCall, Assistant United States Attorney, together with Thomas A. Johnson, counsel for defendant, Alexander Franco Gutierrez, and Dina Santos, counsel for Eduardo Cartagena, hereby stipulate the following:

1. The Status Conference was previously set for July 16, 2020.  By this stipulation, the parties now move to continue the Status Conference to October 8, 2020, at 9:30 a.m. and to exclude time between July 16, 2020, and October 8, 2020 under the Local Code T-4 (to allow defense counsel time to prepare).

2.  The parties agree and stipulate, and request the Court find the following:

   a.  A continuance is requested because counsel for the defendants need additional time to review the discovery, conduct investigation, and discuss a potential resolution.  To date, the discovery in this case includes over 12,000 pages of documents and approximately 70 discs.

STIPULATION AND ORDER            - 1 -

1      b.  Counsel for the defendants believe the failure to grant a continuance in this

2         case would deny defense counsel reasonable time necessary for effective

3         preparation, taking into account the exercise of due diligence.

4      c.  The Government does not object to the continuance.

5      d.  Based on the above-stated findings, the ends of justice served by granting the

6         requested continuance outweigh the best interests of the public and the

7         defendants in a speedy trial within the original date prescribed by the Speedy

8         Trial Act.

9      e.  For the purpose of computing time under the Speedy Trial Act, 18 United

10        States Code Section 3161(h)(7)(A) within which trial must commence, the

11        time period of July 16, 2020, to October 8, 2020, inclusive, is deemed

12        excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and

13        (B)(iv), corresponding to Local Code T-4 because it results from a continuance

14        granted by the Court at defendant's request on the basis of the Court's finding

15        that the ends of justice served by taking such action outweigh the best interest

16        of the public and the defendant in a speedy trial.

17    3.  Nothing in this stipulation and order shall preclude a finding that other provisions

18      of the Speedy Trial Act dictate that additional time periods are excludable from

19      the period within which a trial must commence.

20

21      **IT IS SO STIPULATED.**

22

DATE:  July 10, 2020

23                   /s/ Thomas A. Johnson
                       THOMAS A. JOHNSON

24                   Attorney for Alexander Franco Gutierrez

25

DATED:  July 10, 2020            McGregor W. Scott

26                   United States Attorney

27                   /s/ Christina McCall
                       CHRISTINA McCALL

28                   Assistant U.S. Attorney

DATE:  July 10, 2020

/s/ Dina Santos
DINA SANTOS
Attorney for Eduardo Cartagena

## **ORDER**

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

**IT IS SO ORDERED.**

DATED: July 10, 2020

Troy L. Nunley
United States District Judge

STIPULATION AND ORDER                - 3 -